1

2   Cory Jay ("CJ") Rosenbaum, Esq.
    Rosenbaum, Famularo & Segall, P.C.
3   138A East Park Avenue
    Long Beach, New York 11561
4   (212) 256-1109

5   Attorneys for Plaintiff
    The Sunny Factory, LLC
6

7

8               **IN THE UNITED STATES DISTRICT COURT**
              **FOR THE NORTHERN DISTRICT OF ILLINOIS**
9

10                         **CASE NO.:**

11  _____
    THE SUNNY FACTORY LLC D/B/A THE
12  SUNNY FACTORY,
                              Plaintiff,
13
        v.
14
    HAOYI CHEN, ESQ., ARCH & LAKE, LLP,
15  FUXI (HANGZHOU) INTELLECTUAL
    PROPERTY MANAGEMENT CO., LTD. and
16  JOHN DOES 1-5.
17
                              Defendants.
18
    _____
19

20                         <u>COMPLAINT</u>

21      Plaintiff, **THE SUNNY FACTORY, LLC** by andthrough undersigned counsel,

22  files this Complaint against Defendants, **HAOYI CHEN, ESQ., ARCH & LAKE, LLP,**

23  **FUXI (HANGZHOU) INTELLECTUAL PROPERTY MANAGEMENT CO., LTD.**

24  **and JOHN DOES 1-5,** and alleges as follows:

25

26

27

28

## INTRODUCTION AND RELEVANT FACTS

1.  Plaintiff has been forced to file this action to address the Defendants' knowingly false, frivolous, and defamatory claims made in, on and to the online marketplace Amazon.com owned and operated by Amazon.com, Inc. ("Amazon"), falsely claiming that Plaintiff markets and sell candles on Amazon.com that infringe on Defendants' intellectual property rights or the rights of their client.

2.  Specifically, Defendants filed various complaints with Amazon that claim that Plaintiff's candle products and their packaging contain images that violate Defendants' US Copyright Reg. No. VA0002247096.

3.  Upon information and belief, the artwork claimed by Defendants as the deposit materials for their Copyright Registration may be a stock photo either purchased or taken from a third party, and is not original to Defendants.

4.  Defendants committed acts tantamount to an abuse of process, by filing frivolous complaints with Amazon, one after another, and after Plaintiff files counter-notices pursuant to the Digital Millennium Copyright Act ("DMCA"), Defendants merely re-file the identical complaint with Amazon, forcing Amazon to execute its remedies to protect it under the safe harbor provisions of the DMCA.

5.  Not only are the claims of copyright infringement frivolous, but rather than file a lawsuit described by the DMCA to protect its copyrighted materials, Defendants weaponized the DMCA provisions of the law, and have manipulated Amazon into forcing the cessation of Plaintiff's sales by causing Plaintiff's candle

products to be de-listed on Amazon, and has also caused the freezing of

Plaintiff's financial assets.

6. The DMCA "take-down" procedure is being used to stifle competition and the mere filing of a complaint with Amazon, regardless of its merits, results in the cessation of sales pending the resolution between Plaintiff and Defendants.

7. As the direct result of Defendants' knowingly, frivolous, and defamatory per se claims Plaintiff was, amongst other things, prohibited by Amazon from selling the goods in question and Amazon has withheld and refuses to disburse funds belonging to Plaintiff.

8. Plaintiff repeatedly notified Defendants that its claims are false and demanded theywithdraw the false claims published to Amazon and/or other third parties.

9. Defendants filed multiple claims, and after Plaintiff has filed the required counter-notice under the DMCA, Defendants file new and/or identical claim(s) to cause the delay attached to the Amazon copyright dispute policy without ever seeking the required remedy from the Court.

10. Months pass without resolution, and Plaintiff is losing an estimated $500,000 per month in sales.

11. Plaintiff is the owner of its own intellectual property, and is the owner of the US Copyright Reg. No. VA0002236068 for its packaging design that is accused of infringement. At all times relevant, Plaintiff sold its scented candles using its own registered copyright design. A copy of the packaging is attached hereto as Exhibit 1.

ROSENBAUM, FAMULARO & SEGALL, P.C.
138A East Park Avenue
Long Beach, New York 11561
(212) 256-1109

12. The design complained of, and the design on Plaintiff's candle products is merely a sage leaf design, which is descriptive and reminiscent of sage scented candles. The design utilized by Plaintiff is of independent origin, and not at all substantially similar to Defendants' design, as required by the Copyright Act.

13. Plaintiff is also the owner of US Trademark Reg. No.: 5977748 for MAGNIFICENT, and is used on, amongst other things, scented candles, and at all times relevant, Plaintiff's products have been advertised and sold on Amazon under its own trademark.

14. Despite having actual knowledge that their claims are false and that they are acting in violation of the law, Defendants have intentionally and maliciously harmed Plaintiff by virtue of thier tortious actions causing, inter alia, lost sales, lost economic advantage, breach of contractual relations with Amazon, damaged business reputation and degradation of its business value in an amount to be determined at trial but in no event less than $75,000.

15. Furthermore, Plaintiff is entitled to its attorneys' fees and costs pursuant to the of the 17 U.S.C. §512(f)(1) of the Copyright Act (DMCA) for Defendants violation of the DMCA, and failing to properly seek legal relief by filing suit instead of regurgitating complaints for the sole purpose of causing unlawful interruptions of Plaintiff's sales with Amazon.

16. Defendants further violated 17 U.S.C. §512(f)(1) of the Copyright Act (DMCA) by knowingly and materially misrepresenting that material is infringing, by virtue of its frivolous copyright infringement claims, coupled with their abuse of process by filing repetitive and identical complaints with Amazon after the 14 day

statutory period has run, as Amazon merely covers its obligations under the "take-down" procedure and de-lists Plaintiff's products, and freezes Plaintiff's assets, and in doing so, Defendants effectively satisfy its intentions by wrongfully and unlawfully stifling competition by anti-competitive means that violate the common law, and the laws of the Copyright Act.

## JURISDICTION AND VENUE

17. This Court has original subject matter jurisdiction pursuant to pursuant to 28 U.S.C §1332 because there is complete diversity between all parties and the amount incontroversy exceeds $75,000.00, exclusive of interest and costs.

18. This Court has jurisdiction of this matter under 28 U.S.C. §1338, as substantive issuesrelate directly to intellectual property rights, specifically a copyright.

19. This Court has jurisdiction of this matter because this Court must apply 28 U.S.C. §§2201 and 2202 to properly decide Plaintiff's claims, as discussed in detail, *infra*.

20. Venue over the Plaintiff's claims is proper pursuant to 28 U.S.C. §1391 because, uponinformation and belief, a substantial part of the events giving rise to the claims occurred in this venue, Defendants resides in Illinois, and in which a substantialportion of the property that is the subject of the action is situated in this venue.

21. Venue is proper pursuant to 28 U.S.C. §1391 and this Court may properly exercise personal jurisdiction as, based on information and belief, the Defendants directly target business activities toward consumers in the United States, including

ROSENBAUM, FAMULARO & SEGALL, P.C.
138A East Park Avenue
Long Beach, New York 11561
(212) 256-1109

Illinoisresidents by: setting up and operating e-commerce stores that target United States consumers including those in Illinois; offering and shipping goods to the United States, including Illinois; accepting payment in U.S. dollars and selling products toresidents of Illinois; committing tortious acts in Illinois; engaging in interstate commerce; and/or wrongfully causing Plaintiff substantial harm in Illinois, and lastly, through the practice of law in an office situated in Illinois.

### PARTIES

22. Plaintiff, The Sunny Factory LLC d.b.a. The Sunny Factory, is a domestic corporation organized and existing under the laws of Florida with its principal place of business at 465 Brickell Ave, Apt 2091, Miami FL 33131, United States.

23. Defendants, Haoyi Chen, Esq., upon information and belief, is an Attorney working and existing under the laws of Illinois, with its principal place of business at Arch & Lake, LLP, 203 N LaSalle Street, Suite 2100, Chicago, IL, 60601

24. Defendants, Fuxi (Hangzhou) Intellectual Property Management Co. Ltd., a foreign corporation, copyright owner and, upon information and belief, a client of Haoyi Chen. Upon information and belief, its principal place of business 806-6, building 1, Tianfu Caizhi building Xiasha street, Qiantang New District Hangzhou, Zhejiang CHINA 310000.

25. Defendants, Does 1-5, are unknown to Plaintiff but upon information and belief, are parties involved in the acts complained of.

ROSENBAUM, FAMULARO & SEGALL, P.C.
138A East Park Avenue
Long Beach, New York 11561
(212) 256-1109

ADDITIONAL FACTS

26. The bases for all allegations made herein upon information and belief.

27. The events material to this action have occurred since on or about November 2020 and continue to date ("the relevant period").

28. Plaintiff marketed and sold goods on the world's largest online marketplace known as Amazon.com pursuant to a contract ("the contract") with the owner of that marketplace Amazon.com, Inc. ("Amazon"). Upon information and belief, Defendants are also experienced Amazon sellers.

29. Upon information and belief, Amazon has developed an automated process for addressing complaints relating to the sale of goods that are inauthentic, counterfeit and/or infringe on intellectual property rights. Pursuant to that process Amazon will often suspend sellers' products about whom such complaints are made.

30. Amazon's policy, which is published to all sellers including Defendants, states "[i]f your notice of infringement is accepted, we will remove the content you reported and take appropriate action against the responsible sellers."

31. Plaintiff owns their own US Copyright Registration No.: VA0002236068, and trademark for their products, Trademark Reg. No.: 5977748.

32. Upon information and belief, Defendants are the rights holder over Copyright Reg. No. VA 2-247-096.

33. At no time did Plaintiff market or sell any goods that were inauthentic, counterfeit or that infringed on Defendants intellectual property rights.

34. Each product listed for sale on Amazon is assigned a unique Amazon Sales IdentificationNumber ("ASIN").

35. By way of Amazon complaint submitted on or around November 7, 2020, Defendant, Haoyi Chen, Esq. accused to Amazon that the candle product ASINs B08GYRL8P4, B08GYS5SY1, B08GYTN5D9 manufactured by Plaintiff infringed on the Defendant's Copyright Reg. No.: VA 2-247-096.

36. By way of Amazon complaints submitted by January 31, 2021, Defendant Haoyi Chen, Esq., accused the candle products (ASINs B08GYRL8P4, B08GYS5SY1, B08GYTN5D9) of copyright infringement for the second and third time.

37. By letter dated May 4, 2021, a copy of which is attached as Exhibit 2, Plaintiff's counsel sent a Notice of Preservation alerting Amazon's legal department about this issue in full detail. However, this method was ineffective in mitigating damage.

38. By letter dated May 27, 2021, a copy of which is attached as Exhibit 3, Plaintiff's counsel requested that Defendant's counsel requested Defendants voluntarily revoke its Amazon complaint.

39. Plaintiff' contractual rights to sell the products in question have been suspended on Amazon from the relevant period to date.

40. Amazon has a system in which a seller may appeal or dispute an intellectual propertyinfringement report it received.

41. Plaintiff has attempted to mitigate its damages by appealing the suspension of its Amazon sales privileges by disputing Defendants' knowingly false representations and demanding Defendants retract them as described above but these efforts have been ineffective.

ROSENBAUM, FAMULARO & SEGALL, P.C.
138A East Park Avenue
Long Beach, New York 11561
(212) 256-1109

42. Amazon further has a system for copyright complaints which rely on the Digital Millennium Copyright Act. Plaintiff also attempted to mitigate damages through the use of this avenue as this method was successful for 5 months prior to April 2021 when Amazon stopped accepting these counter-notices. At this point directly dealing with Amazon to mitigate damages has become ineffective.

43. As the direct result of Defendants' knowingly false representations to Amazon and/or other third-parties, Plaintiff were prohibited from selling products on Amazon as theywere previously permitted to do.

44. On or around May 2021, Amazon, based on the course of the last 5 months, accuses the Plaintiff's products of what they describe as "Suspected Copyright IP Violation." Amazon offers no way to appeal this damage to a sellers account and it is all a result of the malicious behavior of the Defendants.

45. Defendants are filing one complaint with Amazon after another with the sole intention of re-creating the dispute process and to prevent the matter from ever being resolved through the Amazon IP dispute process.

46. As a result, Defendants' acts are not only an abuse of process, but the very copyright complaints are frivolous, and non-infringement is so clear as to find that the Defendant lawyers and firm are liable for their intentional, abusive, and frivolous acts resulting in such unlawful stifling of competition, resulting in Plaintiff losing about $500,000 in monthly sales.

## COUNT I- DECLARATORY JUDGMENT

47. Plaintiff incorporates and realleges all previous paragraphs.

ROSENBAUM, FAMULARO & SEGALL, P.C.
138A East Park Avenue
Long Beach, New York 11561
(212) 256-1109

48. Plaintiff sold the accused infringing products in their respective Amazon storefronts from a date before the relevant period.

49. The Amazon complaints, letters, and Defendants' refusal to voluntarily revoke the unsubstantiated Amazon complaints have caused Plaintiff reasonable fear they will besued for infringement.

50. This case thus presents an actual controversy within 28 U.S.C. § 2201.

<u>Non-Infringement</u>

51. Plaintiff incorporate and reallege all previous paragraphs.

52. Plaintiff manufactures and sells the candle product identified as ASIN B08GYRL8P4, as depicted below:



53. Plaintiff's copyright includes the leaves depicted on the exterior of the candle.

ROSENBAUM, FAMULARO & SEGALL, P.C.
138A East Park Avenue
Long Beach, New York 11561
(212) 256-1109

54. Defendants' copyright covers what they describe as "Green Sage", depicted below;



55. It is obvious to an ordinary observer that the Plaintiff's copyright is different from the designs claimed in the Defendants' copyright.

56. Plaintiff is entitled to declaratory judgment of non-infringement as allowed a matter of law.

57. As such, Plaintiff is entitled to damages, and its attorney's fees and costs under the applicable statutes under the Copyright Laws and the DMCA.

## COUNT II- DEFAMATION

58. Plaintiff repeat all allegations as if set forth at length.

59. Defendants issued false statements to Amazon alleging Plaintiff sold products which infringed its copyright.

60. Plaintiff did not sell products which infringed Defendants' copyright.

61. Defendant's false statements were published without privilege or authorization to Amazon.

62. Plaintiff's contracts to sell the products in question on Amazon were suspended as a result of the false and defaming statements made by Defendants to Amazon.

63. Defendants did not investigate into the truthfulness of their statements before publishing these false statements to Amazon.

64. Defendants acted with actual malice, and or with reckless disregard for the truth of the matter asserted in their statements to Amazon.

65. Plaintiff incurred harm, including but not limited to its inability to sell the products inquestion on largest online retail website in the world: Amazon.

66. As a result of Defendant's false infringement complaints it published, Amazon suspended its contract to sell the products in question with Plaintiff causing Plaintiff to suffer significant damages.

67. To date, each Plaintiff' contractual rights to sell the products in question have beensuspended on Amazon from the relevant period to date.

68. Plaintiff is entitled to damages, costs, and fees allowed by law.

69. The false statements were made with knowledge of their falsity.

## COUNT III -DEFAMATION PER SE

70. Plaintiff realleges and incorporates all previous paragraphs.

71. Defendants published false statements to Amazon accusing Plaintiff of acts which are detrimental to Plaintiff' reputations in conducting business, namely copyright infringement.

72. Plaintiff did not engage in copyright infringement.

73. Defendant's false statements were published without privilege or authorization to Amazon.

74. Defendant's false statements injured Plaintiff' businesses including its reputation.

75. Amazon suspended its contract with the Plaintiff to sell the products in question as a result of the false and defaming statements made by Defendants.

76. Defendants did not verify the truthfulness of their statements or investigate into the source of Plaintiff's products before publishing these false statements to Amazon.

77. Defendants acted with actual malice or with reckless disregard for the truth of their statements to Amazon.

78. Defendants committed defamation per se.

79. Defendant's defamatory statements, taken as whole, are defamatory per se, because the false statements impute to the Plaintiff a detrimental reputation in business for selling products which infringe on a copyright.

80. Plaintiff incurred harm, including but not limited to its inability to sell the products in question on largest online retail website in the world: Amazon.

81. As a result of Defendants' false infringement complaints, it published, Amazon suspended its contract to sell the products in question with Plaintiff causing Plaintiff to suffer significant damages.

82. To date, Plaintiff's contractual rights to sell the products in question have been suspended on Amazon from the relevant period to date.

83. Plaintiff is entitled to damages, costs, and fees allowed by law.

84. The statements were false, defamatory, and made with knowledge of their falsity.


<u>TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE</u>

85. Plaintiff repeat all allegations as if set forth at length.

ROSENBAUM, FAMULARO & SEGALL, P.C.
138A East Park Avenue
Long Beach, New York 11561
(212) 256-1109

86. At all relevant times, Plaintiff had a reasonable expectation of entering a business relationship with customers wishing to purchase goods through its Amazon storefront. At all relevant times and upon information and belief, Defendants were aware of Plaintiff' expectation.

87. As the direct result of Defendant's knowingly false statements to Amazon, Amazon suspended its business and contractual relationship with Plaintiff thereby preventing Plaintiff from selling the products in question on Amazon.com.

88. By virtue of the aforementioned harm caused by Defendants to the businesses and contractual relationships between Plaintiff and Amazon, Plaintiff were deprived of the prospective economic advantage it would have reaped from selling goods to the aforementioned prospective customers.

89. Plaintiff has been damaged, is entitled to damages, costs, and fees allowed by law.

## COUNT V-TORTIOUS INTERFERENCE WITH BUSINESS AND CONTRACTUAL RELATIONS

90. Plaintiff repeat all allegations as if set forth at length.

91. Plaintiff had a contract with Amazon which allowed them to sell products on Amazon's website.

92. Upon information and belief, Defendants were aware of Plaintiff's contracts with Amazon, as Defendants are Amazon sellers.

93. Upon information and belief, Defendants published false infringement complaints on Amazon with the intent to interfere with Plaintiff contract with Amazon.

ROSENBAUM, FAMULARO & SEGALL, P.C.
138A East Park Avenue
Long Beach, New York 11561
(212) 256-1109

94. Defendants' conduct directly and proximately caused disruption of Plaintiff's contractwith Amazon.

95. Upon information and belief, Defendants files complaints on Amazon on a regular basis.

96. By publishing the defamatory statements to Amazon as alleged herein, the Defendants intended to curtail, affect, or interrupt the working relationship of trust between Plaintiff and Amazon.

97. Defendants were aware these actions would cause Amazon to suspend its contract to sell the products in question with Plaintiff or at least should have known that result was likely.

98. As a result of Defendants' false infringement complaints, they published, Amazon suspended its contract with Plaintiff causing Plaintiff to suffer significant damages.

99. Plaintiff is damaged, and is entitled to damages, costs, and fees allowed by law.

## COUNT IV-VIOLATION OF DMCA-COPYRIGHT ACT 17 U.S.C. §512(f)(1)

100. Plaintiff incorporates each paragraph herein as if fully stated.

101. Defendants violated 17 U.S.C.§512(f)(1) by knowingly materially misrepresenting that Plaintiff 's candles comprise infringing material.

102. Defendants made the knowing material statements repeatedly to Amazon, and did so with full and actual knowledge that Plaintiff's products do not contain infringing materials. Defendants made the misrepresentations for the purpose of

ROSENBAUM, FAMULARO & SEGALL, P.C.
138A East Park Avenue
Long Beach, New York 11561
(212) 256-1109

unlawfully stifling competition by abusing and weaponizing the Amazon IP

dispute system.

103. Due to Defendants' intentional acts of wrongdoing, Plaintiff is entitled to

damages incurred as a result of the misrepresentations, including attorneys' fees

and costs pursuant to 17 U.S.C.§512.

<u>JURY TRIAL DEMANDED</u>

Plaintiff hereby demands a trial by jury under Federal Rule of Civil Procedure 39

for all issues triable by jury.

<u>CONCLUSION</u>

WHEREFORE, Plaintiff prays that judgment be entered in its favor against the

Defendants for each Claim of the Complaint, and Defendants shall pay Plaintiff'

damages, fees and costs of this action, and for such further relief the Court finds proper

and necessary, including injunctive relief.

Respectfully submitted,
Dated: July 9, 2021

/s/ *Cory Jay Rosenbaum*

(electronically signed)
 C.J. Rosenbaum, Esq.*
 Rosenbaum, Famularo & Segall, P.C.
138A East Park Avenue
Long Beach, New York 11561
CJR@AmazonSellersLawyer.com
212-256-1109 / NYS Bar #2669133

*Admitted to practice in the State of New York, the Southern Dist. of NY; Eastern Dist.
of NY and the Northern Dist. Of IL.