UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE SUNNY FACTORY LLC D/B/A THE SUNNY FACTORY, <br><br> Plaintiff, <br><br> v. <br><br> HAOYI CHEN, ESQ., ARCH & LAKE, LLP, FUXI (HANGZHOU) INTELLECTUAL PROPERTY MANAGEMENT CO., LTD. And JOHN DOES 1-5. <br><br> Defendants. | Case No. 1:21-cv-03648 |

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 55, Plaintiff, The Sunny Factor LLC hereby moves the Court for Entry of Default and Default Judgment against Defendant, Fuxi (Hangzhou) Intellectual Property Management Co., Ltd. Plaintiff is separately and contemporaneously filing a supporting Memorandum of Law to outline the basis for this motion.

1

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff, The Sunny Factory, LLC ("The Sunny Factory" and/or "Plaintiff"), respectfully moves the Court for the entry of an order of default and default judgment pursuant to Federal Rule of Civil Procedure 55 against Defendant, Fuxi (Hangzhou) Intellectual Property Management Co., Ltd. ("Fuxi" and/or "Defendant"), in their action against Defendants for declaratory judgment, defamation, defamation per se, tortious interference with business and contractual relations, and violation of Digital Millennium Copyright Act, DMCA-Copyright Act 17 U.S.C. §512(f)(1) (hereinafter referred to as "DMCA"). *See Plaintiff's Initial Complaint* [DE 1].

## II. STATEMENT OF FACTS

All of the Defendants have knowingly made false, frivolous, and defamatory claims in, on and to the online marketplace Amazon.com ("Amazon"), falsely claiming that Plaintiff markets and sells candles on Amazon.com that infringe on Defendants' intellectual property rights or the rights of their client. Specifically, Defendants filed various complaints with Amazon claiming that Plaintiff's candle products and packaging contain images that violate Defendants' US Copyright Reg. No. VA0002247096. In actuality, at all times relevant, Plaintiff sold its scented candles using only its own registered copyright design, Copyright Reg. No. VA0002236068. Defendants abused the process laid out by the Digital Millennium Copyright Act ("DMCA") by repeatedly re-filing frivolous complaints with Amazon, one after another, after Plaintiff had already properly filed counter-notices pursuant to the DMCA. Amazon has been forced to execute its remedies under the safe harbor provisions of the DMCA as a result of Defendants' continuous re-filing of identical complaints in violation of the DMCA's recommended procedure. Instead of filing a lawsuit against Plaintiff to protect its copyrighted materials, as described by the DMCA, Defendants have manipulated Amazon into forcing the cessation of Plaintiff's sales by causing Plaintiff's candle products to be de-listed on Amazon, which has also caused the freezing of Plaintiff's financial assets.

As the direct result of Defendants' knowingly, frivolous, and defamatory per se claims Plaintiff was, amongst other things, prohibited by Amazon from selling the goods in question and Amazon has withheld and

refuses to disburse funds belonging to Plaintiff. Plaintiff successfully served Defendants on November 8, 2021 via email, after unsuccessfully attempting to serve process on Defendants in August 2021.

### III. ARGUMENT

**A. Plaintiff's Claims Against Defendants.**

On July 9, 2021, Plaintiff filed their complaint against Defendants for declaratory judgment, defamation, defamation per se, tortious interference with business and contractual relations, and violation of Digital Millennium Copyright Act, DMCA-Copyright Act 17 U.S.C. §512(f)(1) (hereinafter referred to as "DMCA"). *See Plaintiff's Initial Complaint* [DE 1]. Plaintiff's claims arise from Defendants', and their attorneys, wrongful and repeated filing of copyright takedown notices on the Amazon IP dispute system under the DMCA, and doing so without following the provisions of the DMCA. When a copyright owner notifies Amazon of a potential infringement, Amazon then notifies the alleged infringer, who has the right to file a "counter-notice" explaining its position. Once a counter-notice is received, the burden shifts to the copyright owner, pursuant to 17 U.S.C. §512(g)(c), to file in federal court within fourteen (14) days to protect its interests. If it does not, Amazon can permit the alleged infringer to re-list its allegedly infringing items.

Instead of filing in Court within fourteen (14) days, as the Statute requires, Defendant and both lawyers, Chen and Arch & Lake LLP, would simply re-file the identical complaint to have Plaintiff's goods de-listed and its assets frozen by Amazon, over and over again. Plaintiff has repeatedly notified Defendants that its claims are false and demanded they withdraw the false claims published to Amazon and/or other third parties. Plaintiff is losing an estimated $500,000 per month in sales as a direct result of Defendants' flagrant actions.

At all times relevant, Plaintiff sold its scented candles using its own registered copyright design. Yet, despite having actual knowledge that their claims were false and that they were acting in violation of the law, Defendants continued to intentionally and maliciously harm Plaintiff by virtue of their tortious actions causing, *inter alia*, lost sales, lost economic advantage, breach of contractual relations with Amazon, damaged business reputation and degradation of its business value in an amount to be determined at trial, but in no event less than $75,000. Defendants have violated 17 U.S.C. §512(f)(1) of the Copyright Act (DMCA), have failed to properly

seek legal relief, and have knowingly and materially misrepresented that Plaintiff's products are infringing, under all of which Plaintiff seeks various forms of damages and equitable relief. Defendants further violated 17 U.S.C. §512(f)(1) of the Copyright Act (DMCA) by knowingly and materially misrepresenting that material is infringing by virtue of its frivolous copyright infringement claims, coupled with their abuse of process by filing repetitive and identical complaints with Amazon after the fourteen (14) day statutory period has run. Amazon has merely covered its obligations under the "take-down" procedure and de-listed Plaintiff's products, freezing Plaintiff's assets. However, in doing so, Defendants have effectively satisfied their intentions by wrongfully and unlawfully stifling competition by anti-competitive means in violation of the common law and the laws of the Digital Millennium Copyright Act.

**B. Jurisdiction and Venue Are Proper in This Court.**

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

Venue is proper in this Court pursuant 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, considering the fact that each of the Defendants directly targets business activities toward consumers in Illinois, has or had offices in this District and have caused harm to Plaintiff's business within this Judicial District. See Plaintiff's Complaint at ¶¶ 21, 25; *uBID, Inc. v. GoDaddy Grp., Inc.* 623 F.3d421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction, all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

The Defendants directly target business activities toward consumers in the United States, including Illinois residents by: setting up and operating e-commerce stores that target United States consumers including those in Illinois; offering and shipping goods to the United States, including Illinois; accepting payment in U.S. dollars

4

and selling products to residents of Illinois; committing tortious acts in Illinois; engaging in interstate commerce; and/or wrongfully causing Plaintiff substantial harm in Illinois, and lastly, through the practice of law in an office situated in Illinois. See *True Religion Apparel, Inc., et al. v. Does 1-100*, No. 1:12-cv-9894 (N.D. Ill. Feb.6, 2013) (unpublished) (Docket Nos. 42 and 43); *Deckers Outdoor Corp. v. Does 1-55*, No. 1:11- cv-00010 (N.D. Ill. Oct. 14, 2011) (unpublished) (Docket Nos. 68 and 69).

C.  **Plaintiff Has Met the Requirements for Entry of Default Judgement.**

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). On July 9, 2021, Plaintiff filed its Complaint alleging defamation, defamation per se, tortious interference with business and contractual relations, and violation of Digital Millennium Copyright Act, 17 U.S.C. §512(f)(1). A Motion to Dismiss was filed by the other Defendants, but to date, Fuxi has not filed any responsive pleading, despite being served on November 8, 2021 via email. The defaulting Defendant Fuxi has ignored these proceedings and failed to plead or otherwise defend this action. (Rosenbaum Declaration at ¶ 2). Accordingly, Plaintiff respectfully asks for entry of default against the Defaulting Defendant Fuxi.

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered defaultjudgment. A default judgment establishes, as a matter of law, that Defendants are liable to Plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the Complaint are taken as true and may not be challenged, which leaves the defendants liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

As noted above, Plaintiff completed service of process on defaulting Defendant Fuxi on November 8, 2021. More than 21 days have passed since Defendants were served, and no answer or other pleading has been filed in response. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment against those Defendants that have not settled and been dismissed or previously defaulted by this Court ("Defaulting Defendants") is appropriate.

**Count I: Declaratory Judgment**

Plaintiff sold the accused infringing products in their respective Amazon storefronts from a date before the relevant period. The Amazon complaints, letters, and Defendants' refusal to voluntarily revoke the unsubstantiated Amazon complaints have caused Plaintiff reasonable fear they will be sued for infringement, and thus, this case presents an actual controversy within 28 U.S.C. § 2201.

Plaintiff manufactures and sells the candle product identified as ASIN B08GYRL8P4, as depicted below:



Plaintiff's copyright includes the leaves depicted on the exterior of the candle, and Defendants' copyright covers what they describe as "Green Sage", as depicted below:



It is obvious to an ordinary observer that Plaintiff's copyright is different from the designs claimed in the Defendants' copyright, and thus, Plaintiff is entitled to declaratory judgment of non-infringement as allowed a matter of law.

**Count II: Defamation**

Defendants issued false statements to Amazon alleging Plaintiff sold products which infringed its copyright, but such statements were clearly untrue. Defendant's false and defamatory statements were published without privilege or authorization to Amazon, which resulted in Plaintiff's contracts to sell the products in question on Amazon being suspended. Defendants did not investigate into the truthfulness of their statements before publishing these false statements to Amazon, acting with actual malice and reckless disregard for the truth of the matter asserted in their statements to Amazon.

Resultingly, Plaintiff incurred harm, including but not limited to its inability to sell the products in question on the largest online retail website in the world: Amazon. As a result of Defendant's false infringement complaints, Amazon suspended its contract to sell the products in question with Plaintiff and each of Plaintiff's contractual rights to sell the products in question have been suspended on Amazon from the relevant period to date.

**Count III: Defamation Per Se**

Defendants published false statements to Amazon accusing Plaintiff of acts which are detrimental to Plaintiff's reputation in conducting business, namely copyright infringement. Defendant's false statements were published without privilege or authorization to Amazon and substantially injured Plaintiff' businesses including its reputation. Amazon suspended its contract with the Plaintiff to sell the products in question as a result of the false and defaming statements made by Defendants. Defendants did not verify the truthfulness of their statements or investigate into the source of Plaintiff's products before publishing these false statements to Amazon, acting with actual malice and reckless disregard for the truth of their statements to Amazon.

Defendants committed defamation per se because Defendants statements, when taken as a whole, impute to the Plaintiff a detrimental reputation in business for selling products which infringe on a copyright. Plaintiff incurred harm, including but not limited to its inability to sell the products in question on the largest online retail website in the world: Amazon. As a result of Defendants' false infringement complaints, Amazon suspended its

contract to sell the products in question with Plaintiff, causing Plaintiff to suffer significant damages. To date, Plaintiff's contractual rights to sell the products in question have been suspended on Amazon.

### Count IV: Tortious Action

At all relevant times, Plaintiff had a reasonable expectation of entering a business relationship with customers wishing to purchase goods through its Amazon storefront. At all relevant times and upon information and belief, Defendants were aware of Plaintiff' expectation. Yet, as the direct result of Defendant's knowingly false statements to Amazon, Amazon suspended its business and contractual relationship with Plaintiff, thereby inhibiting Plaintiff's ability to sell the products in question on Amazon.com. By virtue of the aforementioned harm caused by Defendants to the businesses and contractual relationships between Plaintiff and Amazon, Plaintiff was deprived of the prospective economic advantage it would have reaped from selling goods to the aforementioned prospective customers.

Plaintiff had a contract with Amazon which allowed them to sell products on Amazon's website, and upon information and belief, Defendants were aware of Plaintiff's contracts with Amazon, as Defendants are Amazon sellers as well. Defendants nonetheless proceeded to publish false infringement complaints on Amazon with the intent to interfere with Plaintiff contract with Amazon, action of which directly and proximately caused the disruption of Plaintiff's contract with Amazon.

Upon information and belief, Defendants file complaints on Amazon on a regular basis, and to their knowledge as well as Plaintiff's, Defendants intended to curtail, affect, or interrupt the working relationship of trust between Plaintiff and Amazon by publishing the defamatory statements to Amazon as alleged herein.

Defendants were aware that these actions would cause Amazon to suspend its contract with Plaintiff, or at least should have known that result was likely. As a result of Defendants' false infringement complaints, they published, Amazon suspended its contract with Plaintiff causing Plaintiff to suffer significant damages.

### Count V: Violation of DMCA

Defendants violated 17 U.S.C.§512(f)(1) by knowingly and materially misrepresenting that Plaintiff 's candles comprise infringing material. Defendants made, to Amazon, the knowingly material statements

repeatedly, and did so with full and actual knowledge that Plaintiff's products do not contain infringing materials. Defendants made these misrepresentations for the purpose of unlawfully stifling competition by abusing and weaponizing the Amazon IP dispute system.

## IV.   CONCLUSION

As a result of Plaintiff's contractual rights to sell the products in question having been suspended on Amazon from the relevant period to date, Plaintiff requests damages, attorney's fees and costs under the applicable statutes and the Copyright Laws of the DMCA. Plaintiff also seeks damages incurred as a result of the misrepresentations and intentional acts of wrongdoing by Defendants, including attorneys' fees and costs pursuant to 17 U.S.C. §512. Plaintiff respectfully requests that the Court enter Default Judgment in its favor against the Defendants for each Claim of the Complaint, and Defendants shall pay Plaintiff' damages, fees and costs of this action, and for such further relief the Court finds proper and necessary, including injunctive relief.

Dated: January 5, 2021.

Respectfully submitted,

By:   *s/ Cory Jay Rosenbaum*
(electronically signed)
C. J. Rosenbaum, Esq. *
Rosenbaum, Famularo & Segall, P.C.
138A East Park Avenue
Long Beach, NY 11561
CJR@AmazonSellersLawyer.com
212-256-1109 / NYS Bar #2669133
*Admitted to Practice in the State of New York, the Southern Dist. Of NY;
the Northern District of Illinois.

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing was filed this 5th day of January, 2022, and served via email on Defendant Fuxi by emails IPCompliants@th-ip.com; enforcingip@gmail.com; jueruireports@gmail.com; zhangtingting@jueruiindustry.cn; ameliannagrinin10@gmail.com; and remaining defendants by serving jduffy@smbtrials.com; and mmcloughlin@smbtrials.com

Respectfully submitted,

CJ Rosenbaum, Esq.
Cory J. Rosenbaum, Esq.