UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE SUNNY FACTORY LLC D/B/A THE SUNNY FACTORY, <br><br> Plaintiff, <br><br> v. <br><br> HAOYI CHEN, ESQ., ARCH & LAKE, LLP, FUXI (HANGZHOU) INTELLECTUAL PROPERTY MANAGEMENT CO., LTD. And JOHN DOES 1-5. <br><br> Defendants. | Case No. 1:21-cv-03648 |

## FINAL JUDGMENT ORDER

This action, having been commenced by Plaintiff The Sunny Factory LLC D/B/A/ The Sunny Factory (hereinafter: "Plaintiff") against Defendant, Fuxi Intellectual Property Management Co., Ltd (hereinafter: "Defaulting Defendant"), and Plaintiff having moved for entry of Default and Default Judgment against Defaulting Defendant;

Plaintiff having properly completed service of process on Defaulting Defendant, providing notice via e-mail to the email address provided for Defaulting Defendant by Amazon.com, being notice reasonably calculated under all circumstances to apprise Defaulting Defendant of the pendency of the action and affording them the opportunity to answer and present their objections; and

Defaulting Defendant having failed to answer the Complaint or otherwise plead, and the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. §

1338(a)-(b) and 28 U.S.C. § 1331. Specifically, this Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts. Defendant directly targets business activities toward consumers in the United States, including Illinois residents by: setting up and operating e-commerce stores that target United States consumers including those in Illinois; offering and shipping goods to the United States, including Illinois; accepting payment in U.S. dollars and selling products to residents of Illinois; committing tortious acts in Illinois; engaging in interstate commerce; and/or wrongfully causing Plaintiff substantial harm in Illinois, and lastly, through the practice of law in an office situated in Illinois.

THIS COURT FUTHER FINDS that Defaulting Defendant is liable to Plaintiff for defamation, defamation per se, tortious interference with business and contractual relations, and violations of the Digital Millennium Copyright Act, DMCA-Copyright Act 17 U.S.C. §512(f)(1).

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED, that Defaulting Defendant is deemed in default, and that this Final Judgment is entered against Defaulting Defendant.

IT IS FURTHER ORDERD that:

1. Defaulting Defendant be permanently enjoined from knowingly making false, frivolous, and defamatory claims in, on or to the online marketplace Amazon.com ("Amazon") by falsely claiming that Plaintiff markets or sells candles on Amazon.com that infringe on Defaulting Defendant's intellectual property rights in violation of the processes laid out by the Digital Millennium Copyright Act.

This is a Final Judgment.

DATED: January 16, 2022

                                                  Honorable Virginia M. Kendall
                                                  United States District Court Judge