THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE SUNNY FACTORY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 21 C 3648 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| HAOYI CHEN, ESQ., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff The Sunny Factory, LLC sells candles on Amazon that have a pattern of light green sage leaves on the outside of the candles. Sunny Factory brought claims against Defendants Haoyi Chen, Esq. and Arch & Lake, LLP ("Defendants"), who are lawyers, alleging that the attorneys' actions are causing harm to Sunny's business. (Dkt. 1). Defendants represent Fuxi (Hangzhou) Intellectual Property Management Co. Ltd., a foreign corporation and the owner of a copyrighted image of painted green sage leaves. When Defendants reported to Amazon that their client's copyright was being infringed, Amazon stopped the sale of Sunny's products. Plaintiff then sued under the federal Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, and also brought state law claims for defamation and tortious interference with a contract. (*Id*.). For the reasons discussed below, Defendants' Motion to Dismiss [5] is granted.

**BACKGROUND**

On a motion to dismiss under Rule 12(b)(6), the Court accepts the complaint's well-pleaded factual allegations, with all reasonable inferences drawn in the non-moving party's favor, but not its legal conclusions. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014). Unless otherwise noted, the following factual allegations are taken from Plaintiff's

1

Complaint [1] and are assumed true for purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

The Sunny Factory is a domestic corporation marketing and selling scented candles on Amazon.com, Inc. ("Amazon") and organized under the laws of Florida. (Dkt. 1 ¶ 22). Fuxi (Hangzhou) Intellectual Property Management Co. Ltd. ("Fuxi") is a foreign corporation and the copyright owner of "Green Sage," an image of painted sage leaves, U.S. Copyright Reg. No. VA0002247096. (*Id*. at ¶¶ 2, 24). Fuxi is a client of Haoyi Chen, Esq., an attorney employed at Arch & Lake, LLP in Chicago, Illinois. (*Id*. at ¶ 23). Plaintiff also brings this claim against John Does 1 – 5, unknown to Plaintiff but believed to be involved in the relevant acts. (*Id*. at ¶ 25). Throughout the Complaint, Plaintiff refers to the defendants in unison. (*Id*.).

According to The Sunny Factory, Defendants filed knowingly false and frivolous claims with Amazon alleging its candle products and packaging contain images violating Fuxi's "Green Sage" copyright. (*Id*. at ¶ 2). The Sunny Factory instead claims the packaging was pulled from a third party and is not original to Fuxi. (*Id*. at ¶ 3). Fuxi's copyrighted image "Green Sage" (Exhibit A) and The Sunny Factory's candle product (Exhibit B) are included below for reference, and both include images of painted light green sage leaves. (Dkt. 1 ¶ 12).

   

    Exhibit A                                                                 Exhibit B

Defendants filed notices with Amazon, pursuant to the DMCA, claiming The Sunny Factory used copyrighted images. (*Id*. at ¶ 4). In response, Plaintiff filed counter-notices, and Amazon de-listed the products. (*Id*. ¶¶ 4 – 7). Defendants re-filed the identical complaint with Amazon, forcing Amazon to maintain the removal of The Sunny Factory's products causing Plaintiff economic harm. (*Id*. at ¶¶ 4 – 7). Specifically, Haoyi Chen submitted complaints to Amazon regarding three of Plaintiff's products on November 7, 2020 and twice on January 31, 2021. (*Id*. at ¶¶ 35 – 36). Amazon has an automated process for addressing complaints related to infringement of copyrighted material and suspends the subjects of such complaints. (*Id*. at ¶¶ 29 – 30). The Sunny Factory appealed the suspension of its Amazon sales privileges but has been prohibited from selling the relevant products on Amazon since November 2020. (*Id*. at ¶¶ 39 – 43). The resulting economic harm amounts to a loss of $500,000 per month in sales. (*Id*. at ¶¶ 10).

The Sunny Factory owns the packaging design, U.S. Copyright Reg. No. VA 0002236068, accused by Defendants of copyright infringement. (*Id*. at ¶ 11). The Sunny Factory submitted a Notice of Preservation on May 4, 2021 to Amazon raising this issue. (*Id*. at ¶ 37). The Sunny Factory reached out on May 27, 2021, to Defendants requesting a voluntary revocation of the complaint with Amazon to no avail. (*Id*. at ¶ 38). Since around May 2021, Amazon accuses The Sunny Factory of "Suspected Copyright IP Violation" and Plaintiff has no avenue to appeal this description of its account. (*Id*. at ¶ 44).

Plaintiff raises six claims for relief. The first count is a request for declaratory judgment of non-infringement as a matter of law under 28 U.S.C. § 2201. (*Id*. at ¶¶ 47 – 57). As second and third counts, Plaintiff accuses Defendants of defamation and defamation per se. (*Id*. at ¶¶ 58 – 84). The Sunny Factory's fourth claim for relief is based on tortious interference with

prospective economic advantage. (*Id*. at ¶¶ 85 – 89). The fifth claim is tortious interference with business and contractual relations. (*Id*. at ¶¶ 90 – 99). Finally, Plaintiff alleges Defendants violated the DMCA by "knowingly materially misrepresenting that Plaintiff's candles comprise infringing material." 17 U.S.C. §512(f)(1); (Dkt. 1 ¶¶ 100 – 03). On January 14, 2022, The Sunny Factory moved for a default judgment as to Fuxi which was granted on February 16, 2022. (Dkt. 18; Dkt. 21).

## **LEGAL STANDARD**

"To survive a motion to dismiss under 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams*, 742 F.3d at 728 (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)). "[I]t is not enough for a complaint to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief…by providing allegations that 'raise a right to relief above the speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007) (citing *Twombly*, 550 U.S. at 555) (emphasis in original). The Court construes the complaint "in the light most favorable to the nonmoving party, accept[s] well-pleaded facts as true, and draw[s] all inferences in her favor." *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). "[L]egal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal*, 566 U.S. at 678).

**DISCUSSION**

A. Count I: Declaratory Judgment

In the Motion to Dismiss as well as in Plaintiff's Response, both parties stipulate that no "actual controversy" exists between Plaintiff and the Defendants. (Dkt. 5; Dkt. 12). The Defendants are not the owners of the copyright for "Green Sage" and could not bring a copyright infringement action against the Plaintiff. (*Id*.). The first count is dismissed with prejudice.

B. Counts II & III: Defamation Causes of Action

Plaintiff claims that the statements made by the Attorney Defendants to Amazon constitute defamation because they falsely allege that Plaintiff was infringing the Green Sage copyright. These statements were notices to Amazon by the attorneys that the copyright was being infringed. The only acts giving rise to the claims of defamation in the Complaint are the two submissions to Amazon providing notice of copyright infringement. (Dkt. 1). The Sunny Factory does not allege any other actions that could be considered the basis for the defamation claims in Counts II and III. (*Id*.). The notice statements then triggered the Amazon policy of removing the potentially infringing products.

Statements made in the course of litigation are absolutely privileged from claims of defamation. *Lewis v. School Dist. #70*, 523 F.3d 730, 745 – 46 (7th Cir. 2008). "An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications *preliminary* to a proposed judicial proceeding, or in the institution of, or during the course and as part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding." *Id*. (quoting *Atkinson v. Affronti*, 369 Ill. App. 3d 828 (2006) (quoting Restatement (Second) of Torts, § 586 (1977)) (emphasis in original)). This applies regardless of any knowledge by an attorney of the statement's veracity. *Id*. In *Atkinson*, the Court held an attorney's statement

5

to the plaintiff's employer of an intention to hold the employer vicariously responsible was privileged because it was made by an attorney in contemplation of litigation, even though no civil litigation ultimately followed. *Atkinson* 369 Ill. App. 3d.

Since the statements at issue here were made to Amazon during the notice and takedown period, they are absolutely privileged. (Dkt. 1; Dkt. 5). Both parties recognize that the notice and takedown period may result in litigation if either party disagrees with Amazon's. (Dkt. 5; Dkt. 12). Plaintiff provided its understanding of the process in its Response: "The DMCA exists to protect third-party platforms, such as Amazon, from liability by affording copyright owners the ability to notify them of potential infringement, who then notifies the alleged infringer, who has the right to file a counter-notice *that then requires the rights owner to file a lawsuit and have its allegations addressed in a judicial proceeding.*" (Dkt. 12) (emphasis added). In its Response, The Sunny Factory admits that the process of filing a notice of copyright infringement anticipates the potential for a judicial proceeding. It is clear these proceedings are communications preliminary to a proposed judicial proceeding. *Lewis* at 745. Any doubt as to whether a statement is relevant to a judicial proceeding "should be resolved in favor of a finding of pertinency." *Malevitis v. Friedman*, 323 Ill. App. 3d 1129, 1131 (2001). Counts II and III are dismissed.

### C. Counts IV & V: Tortious Interference

Counts IV and V allege tortious interference with prospective economic damage and tortious interference with business and contractual relations. (Dkt. 1 ¶¶ 85 – 99). An attorney owes a fiduciary duty to his or her client and as such is privileged to act "to protect a conflicting interest which is considered to be of equal or greater value than that accorded the contractual rights involved." *Schott v. Glover*, 109 Ill. App. 3d 230, 234 – 35 (1982).

A plaintiff can overcome the privilege accorded an attorney acting in the interest of a client and sufficiently "state a cause of action for tortious interference with a contract . . . if the plaintiff can set forth factual allegations from which actual malice may reasonably be said to exist . . . Such allegations, however, would necessarily include a desire to harm, which is independent of and unrelated to the attorney's desire to protect his client." *Schott*, 109 Ill. App. 3d at 235 (citing *Arlington Heights Nat'l Bank v. Arlington Heights Federal Savings & Loan Assoc.*, 37 Ill.2d 546 (1967)). To defeat Defendants' Motion to Dismiss, Plaintiff must sufficiently allege facts amounting to malice that would overcome the conditional privilege. *See Storm & Associates, Ltd. v. Cuculich*, 298 Ill. App. 3d 1040, 1052 – 53 (1998) ("When . . . the existence of a privilege in favor of the defendant is apparent on the face of a claim for tortious interference with prospective economic advantage, it is the plaintiff's burden to plead and prove that the defendant's conduct was unjustified or malicious . . . . The bare conclusions that [Defendants] acted intentionally, maliciously, and without cause or justification are insufficient to negate the protection of the privilege arising by reason of the attorney-client relationship here.").

Plaintiff did not allege actual malice in Counts IV or V. Rather, the only assertion of actual malice is included in the Complaint under Counts II and III. (Dkt. 1 ¶¶ 64, 77). In both cases, The

Sunny Factory provided blanket statements that the Defendants in unison "acted with actual malice or with reckless disregard for the truth of their statements to Amazon." (*Id*. at ¶ 77). At no point did The Sunny Factory allege any specific facts to support this claim. (*Id*.). Making broad assertions that mimic the elements of the claim is not sufficient to meet the requirements for a well-pleaded complaint. *McCauley*, 671 F.3d at 616. Copyright holders have an obligation to police the field where their marks may be used and to give notice to potential infringers in order to preserve their rights. *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 508 (7th Cir. 1994) ("An owner of a copyright is protected against unauthorized copying.") (citing *Mazer v. Stein*, 347 U.s. 201, 218 (1954). Without facts that take this out of the ordinary behavior of copyright holders, Plaintiff fails to state a claim. Additionally, The Sunny Factory neglected to meaningfully respond to the assertion of privilege in its Response, citing no cases in response to the Defendants' argument that privilege protects them from the allegations in the Complaint. (Dkt. 12). Counts IV and V are dismissed.

  **D. Count VI: Violation of DMCA Copyright Act**

  There is limited case law in the Seventh Circuit interpreting a cause of action based on 17 U.S.C. §512(f). Defendants put forward case law from other jurisdictions to support the premise that Plaintiff insufficiently pled facts to constitute a violation. (Dkt. 5). In order to survive Defendants' Motion to Dismiss, The Sunny Factory must plead facts demonstrating that Defendants "knowingly materially misrepresent[ed] . . . that material or activity is infringing . . . ." 17 U.S.C. §512(f)(1). This provision imposes a high standard for finding a violation of the DMCA by a copyright owner in infringement notifications. The Ninth Circuit held as much in *Rossi v. Motion Picture Ass'n of America Inc.*, stating, "In §512(f), Congress included an expressly limited cause of action for improper infringement notifications, imposing liability only if the

8

copyright owner's notification is a knowing misrepresentation. A copyright owner cannot be liable simply because an unknowing mistake is made, even if the copyright owner acted unreasonably in making the mistake…Rather, there must be a demonstration of some actual knowledge of misrepresentation on the part of the copyright owner." 391 F.3d 1000, 1004 – 05 (9th Cir. 2004). This Court comes to the same conclusion. It cannot be that Congress intended broad punitive authority to curtail inaccurate notifications of copyright infringement without proof of knowing and intentional misrepresentation.

The Sunny Factory asserted no specific facts to support the allegation that Defendants made a knowing misrepresentation rather than merely a mistake. The Sunny Factory claims, "Defendants made the knowing material statements repeatedly to Amazon, and did so with full and actual knowledge that Plaintiff's products do not contain infringing materials. Defendants made the misrepresentations for the purpose of unlawfully stifling competition by abusing and weaponizing the Amazon IP dispute system." (Dkt. 1 at ¶ 102). Again, in a well-pleaded complaint, "conclusory allegations merely reciting the elements of the claim are not entitled to [the] presumption of truth." *McCauley*, 671 F.3d at 616.

Plaintiff's Response cites to § 512(g)(2)(C) for the premise that Defendants acted improperly when filing repeated claims for copyright infringement. Plaintiff claims this behavior without filing a claim in court demonstrates Defendants acted in bad faith. (Dkt. 12). Plaintiff incorrectly asserts that § 512(g)(2)(C) imposes this requirement on Defendants. Rather, § 512(g)(2) provides an exception to liability for a service provider's good faith disabling of access to material. Count VI is dismissed.

## CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss [5] is granted. Although it does not appear that Plaintiff can amend his complaint to comport with this opinion, the Court provides Plaintiff until 3/23/22 to file any amending pleading or motion if he is able.

_____
Virginia M. Kendall
United States District Judge

Date: March 11, 2022